IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANGO CLEVE HEIDELBERG, JR., *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>ALLYN SIELAFF, Director of ILLINOIS DEPT. OF CORRECTIONS; CHARLES DeYOUNG, Director OF THE BUR OAK LIBRARY SYSTEM; and MARY JURICH, Chief of the STATEVILLE'S CORRECTIONS CENTER LIBRARY,<br><br>          Defendants. | Case No. 74 C 3598<br><br>Judge Harry D. Leinenweber |

# ORDER

The Court grants the Illinois Department of Corrections' Motion to Dismiss Pursuant to Rule 12 (b)(6) [ECF No. 545]. The Court will recruit counsel to represent the Plaintiffs in this matter going forward.

## STATEMENT

The present matter concerns a consent decree involving the class of inmates at the Stateville Correctional Center ("Stateville") and the Illinois Department of Corrections ("IDOC") entered back in 1981. *See,* ECF No. 258 (the "Consent Decree" or "Decree"). Michael Thomas ("Thomas"), an inmate currently incarcerated at Stateville, filed a *pro se* motion in 2016, alleging violations of the Consent Decree. Because the Decree arose out of lawsuits filed in the Northern District of Illinois and because the district court that approved it

retained jurisdiction "for the purpose of carrying out, enforcing and/or modifying the terms and conditions contained in this Decree," this Court now hears Thomas's Complaint. *Id.* at 1, 11.

Thomas alleges that the IDOC violates the Consent Decree by allowing the library at Stateville to deteriorate. *See,* ECF No. 523. He contends that there are holes in the library ceiling. As a result, "all legal books" were "ruin[ed]" and inmates have "no access to Stateville's law library." He requests an investigation by the Court, an "exigent hearing with class counsel and attorney general," and $50,000 in damages.

In response, the IDOC filed a Rule 12(b)(6) Motion to Dismiss Thomas's Complaint. *See, Lucille v. City of Chi.,* No. 85 C 5956, 1986 U.S. Dist. LEXIS 24877, at *1 (N.D. Ill. May 29, 1986) (subjecting allegations of violation of a consent decree to a motion to dismiss). In its Motion, the IDOC points out that the express language of the Consent Decree required that "all complaints involving the Decree shall be directed to plaintiffs' counsel and defendants' counsel for review." Only if counsels cannot reach a resolution should "presentation to the Court for enforcement proceedings" be made. As such, Thomas's Motion is improper since he has not alerted counsels of the alleged violations.

Having examined the Consent Decree, the Court agrees that the parties' attorneys should attempt to resolve the Complaint before presenting the matter to the Court. The Consent Decree indeed obligated the IDOC to provide certain library services, including furnishing a library facility "capable to seating 100 residents," maintaining the library's legal collection, and updating the legal reporters on a periodic basis. *See,* Consent Decree at 5. (More precisely, the Consent Decree imposed some of these obligations on an entity called the Bur Oak Library

System ("Bur Oak"), which was the vendor that ran the Stateville Library at the time the decree was signed. However, the IDOC agreed that in the event its contract with Bur Oak was terminated, the IDOC would assume Bur Oak's obligations. *See, id.* ¶¶ 4-5. The IDOC thus is the proper defendant, despite the caption of the case and the language in the Consent Decree referring to Bur Oak. Nonetheless, as the IDOC correctly points out, the Decree also stipulated that, "All complaints involving the Decree shall be directed to plaintiffs' counsel and defendants' counsel for review, attempts at resolution and possible presentation to the Court for enforcement proceeding if no resolution can be reached." *Id.* at 11.

Thomas has made no argument as to why the Court should not enforce this provision and dismiss his Complaint. *See, United States v. ITT Cont'l Baking Co.,* 420 U.S. 223, 238 (1975) (stating that "a consent decree or order is to be construed for enforcement purposes basically as a contract" following the "four corners" rule). He only explained that "plaintiffs did not contact attorneys because plaintiffs did not have said information." The Court is of the view that even if Thomas could track down the attorneys who represented the Stateville inmates more than three decades ago, he may have trouble corralling them to take up the case again given the passage of time. As such, the Court will grant the Motion to Dismiss but it also will recruit new counsel to represent the inmates in the current matter.

One more issue requires discussion. Thomas was not the only Stateville inmate to allege that the IDOC has violated the Consent Decree. One Aaron Stewart ("Stewart") also made multiple filings. *See,* ECF Nos. 525, 527, 528, 532, and 533. On November 1, 2016, the Court, acting pursuant to an Executive Committee Order, barred Stewart from filing documents until he

- 3 -

obtains leave to allow him to proceed. *See,* ECF No. 542 and *In the Matter of Aaron Stewart,* 13 C 01374, ECF Nos. 1 and 4. Stewart has not heeded the Court's Order and has continued to file various "letter," "objection," and "response" in the case. *See,* ECF Nos. 543, 544, and 549. Most recently, Thomas also has complained on Stewart's behalf, asserting that the Executive Order only bars Stewart from filing new cases and the case at bar is not "new," despite Stewart making filings in it only after the Executive Committee Order was entered. *See,* ECF No. 546. Thomas, of course, has no standing make arguments on Stewart's behalf. Furthermore, the issue is moot as the Court is now granting the Motion to Dismiss. No further filling by any inmates regarding the matter is called for in light of incoming counsel and the Decree's requirement to proceed through counsels.

    For the reasons stated herein, the Court grants IDOT's Motion to Dismiss [ECF No. 545]. It will recruit counsel to represent the inmates for the purpose of attempting resolution of the present Complaint regarding violations the Consent Decree.

 

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: February 1, 2017

- 4 -